Michael Wayne EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60935.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 28, 1981.

E. Brice Cunningham, Walter L. Irvin, Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Gerald A. Banks and Gerry Holden Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. After finding appellant guilty, the jury assessed punishment at life.

Appellant was convicted of having killed David Potts in Dallas on June 15, 1977. During the offense, the victim sustained two gunshot wounds and a fractured skull.

In his third and fourth grounds of error, appellant contends the court erred in overruling two motions to quash the indictment. Those motions urge that the grand jury commissions and grand jurors had been selected through the systematic exclusion of

blacks, Mexican-Americans and persons between the ages of eighteen and thirty.

No testimony in support of these motions was offered in the instant cause. Rather, appellant's counsel and the prosecutor stipulated that the testimony in support of such motions would be the same as that previously presented to the court in connection with similar motions in Cause No. F–77–6515–KP styled *The State of Texas v. Michael Wayne Evans* in the 203rd Judicial District Court of Dallas County. Appellant further offered a 290 page transcription of court reporter's notes from Cause No. F–77–6515–KP as an exhibit in support of his motions in the instant cause. That transcription does not appear in the instant record, rather, we are directed to the record on appeal in Cause No. F–77–6515–KP. In that unrelated cause, appellant was convicted of capital murder and the conviction was reversed by this Court due to improper petit jury selection. See *Evans v. State*, 614 S.W.2d 414. Finally, appellant offered no objection to the record on appeal in the instant cause.

■ The general rule is that this Court cannot go to the record of another case for the purpose of considering testimony not shown in the record of the case before it. *Hale v. State*, Tex.Cr.App., 509 S.W.2d 637; *Parker v. State*, Tex.Cr.App., 545 S.W.2d 151. This Court is bound by the record on appeal as presented to us. *Stockton v. State*, Tex.Cr.App., 487 S.W.2d 69. In *Donahue v. State*, 102 Tex.Cr.R. 151, 277 S.W. 657, the parties agreed, with the approval of the trial court, that testimony from one case would be considered as evidence in support of a motion to quash in a second case. The Court refused to consider the testimony from the other case and stated:

"... We regret that we cannot consider testimony taken in another case. The record before this court in each case must be complete before it will be considered. It has never been the practice in this court, and we will not now begin the practice of considering the testimony in one case in connection with the testimony in another subsequent case that may be filed in this court. To do so would lead to endless confusion and would be out of harmony with all the known rules of appellate practice ...." Id. at 658.

■ We decline appellant's invitation to consider testimony presented in another case in support of the grounds of error he now seeks to present. The record on appeal in the instant case, approved without objection, contains no evidence to support appellant's allegation of systematic exclusion. Nothing is presented for review.

■ In his ninth ground of error, appellant contends the court erred in overruling his "Motion To Restrict The District Attorney In The Use Of Peremptory Challenges To Systematically Exclude Negro Jurors From The Panel." The record reflects that the motion was overruled, however, the court instructed the prosecutor "that the State ... is not to systematically exclude black jurors. The State may consider overall qualification of jurors in exercising its peremptory challenges."

In *Duncantell v. State*, Tex.Cr.App., 563 S.W.2d 252, a contention similar to that now raised was presented and the Court stated:

"Appellant initially complains of systematic exclusion of blacks from the jury. The thrust of his argument is that the State used its peremptory challenges to strike qualified blacks from the jury panel. The same argument was confronted and rejected in *Ridley v. State*, 475 S.W.2d 769, 772 (Tex.Cr.App.1972), wherein we stated:

" 'We hold that no systematic exclusion has been shown. To hold otherwise would in effect be abolishing our peremptory challenge practice which has always been a part of our system to help an accused as well as the State obtain an impartial jury and a fair trial.'

"See also *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)." Id. at 254.

The record in the instant cause contains no evidence as to the racial composition of

the jury panel or as to the composition of the jury which was ultimately selected. The mere alleged use of peremptory challenges to strike qualified blacks is not a prohibited systematic exclusion of blacks in the selection of petit juries. See *Chambers v. State*, Tex.Cr.App., 568 S.W.2d 313. Appellant's ninth ground of error is overruled.

In his eighth ground of error, appellant maintains the court abused its discretion in refusing to sequester the jury. Appellant contends that such action was necessary because he had been tried and convicted in a previous trial which received daily publicity.

In the instant case, the jury was selected on July 17, 1978. Appellant presented evidence which showed that during November of 1977, numerous newspaper articles were published concerning his trial for an unrelated capital murder. On the basis of such publicity from the previous trial, appellant urges that the jury in the instant cause should have been sequestered.

■ Whether to grant a motion that the trial jury be sequestered is a matter within the sound discretion of the trial court. Art. 35.23, V.A.C.C.P.; *Freeman v. State*, Tex. Cr.App., 556 S.W.2d 287. In *Brantley v. State*, Tex.Cr.App., 522 S.W.2d 519, no abuse of discretion was found in the court's refusal to sequester the jury. There, the court admonished the jury not to speak with anyone concerning the trial or read or listen to any news media about the case. Further, the defendant in *Brantley*, failed to show that the jury had violated the court's admonishments. In *Creel v. State*, Tex.Cr.App., 493 S.W.2d 814, it was held that in the absence of a showing of harm, there is no abuse of discretion in the court's refusal to sequester the jury.

■ In the instant case, appellant has not alleged or proven how he was harmed by the court's refusal to sequester the jury. The court admonished the jurors not to discuss the case with anyone. The jurors were further instructed not to read, listen to or watch anything about the case outside the courtroom. There is no showing that

the jurors violated the court's instructions. The publicity with which appellant was apparently concerned appeared in the newspaper some nine months before the trial of the instant cause. We find no abuse of discretion in the court's refusal to sequester the jury. Appellant's eighth ground of error is overruled.

In his sixth ground of error, appellant maintains the court erred in admitting his written statement into evidence. He contends the statement was inadmissible because he was physically and verbally abused, not given his warnings and promised a five year sentence if he would sign the statement.

Appellant filed a motion to suppress his confession and the court held a hearing thereon in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Art. 38.22, V.A.C.C.P. At that hearing, Officer John Landers of the Dallas Police Department, testified that he arrested appellant for the instant offense on July 11, 1977. At the time of his arrest, appellant was given his "blue card" warnings by Landers. On July 14, 1977, appellant signed a statement concerning the instant offense. Landers stated that he gave appellant his warnings before taking the statement and before the statement was signed. The entire statement was read aloud by Landers to the appellant before it was signed. Landers related that appellant indicated that he understood his rights and wanted to discuss the offense with the authorities.

Appellant testified that he was never given his warnings. He stated that Landers "made up" the contents of the statement and that he signed it without having an opportunity to read it or have it read to him. Appellant testified that on the day of his arrest, he was physically and verbally abused by Officer Marshall Touchton of the Dallas Police Department. He further testified that Landers had threatened to "put Touchton back on him" if he did not sign the statement. He stated that Officer M. P. Southall, of the Dallas Police Department, had likewise threatened to call in

Touchton if appellant refused to tell the truth. Finally, appellant stated that Landers said that appellant would receive a five year sentence if he signed the statement.

Touchton testified that he participated in the interrogation of appellant. He stated that at no time did he physically or verbally abuse appellant. Southall testified that he did not threaten appellant "with Touchton" if he refused to sign the statement or tell the truth. Landers denied that he had threatened to call in Touchton if appellant refused to sign the statement. Landers further testified that appellant had not been promised anything, including a five year sentence, in return for signing the statement.

The judge at the *Jackson v. Denno* hearing is the sole judge of the weight of the evidence and credibility of the witnesses. He may believe or disbelieve all or any part of any witness' testimony. *Hughes v. State*, Tex.Cr.App., 562 S.W.2d 857. The evidence in the instant case raises issue of fact as to promises of leniency, coercion and the failure to give warnings. We find that there is evidence to support the court's findings that appellant was given his warnings by Landers, not promised a five year sentence in return for the statement, not threatened by the officers and not verbally or physically abused by Touchton. The record supports the court's conclusion that the statement was freely and voluntarily given after appellant was fully apprised of his rights and affirmatively waived those rights. See *McKittrick v. State*, Tex.Cr. App., 541 S.W.2d 177. We find no error in the court admitting appellant's statement into evidence.

In his eleventh ground of error, appellant maintains the court erred in failing to enter written findings of fact and conclusions of law with regard to the admissibility of his confession. Appellant relies on Art. 38.22, Sec. 6, V.A.C.C.P., which requires an order containing such findings and conclusions to be entered.

The record now contains a written order with findings and conclusions concerning the admissibility of appellant's confession.

Such order is contained in a supplemental transcript. No error is shown.

In his tenth ground of error, appellant maintains the court erred in overruling his motion for new trial. He maintains that "absent the purported voluntary statement, the evidence was insufficient as a matter of law to sustain the verdict."

This ground of error is based upon the premise that the court erred in admitting appellant's statement. We concluded in appellant's sixth ground of error that the statement was properly admitted into evidence. No error is shown in the court overruling appellant's motion for new trial.

In his fifth ground of error, appellant contends the court erred in admitting eleven photographs into evidence. Seven of the photographs depict the body of the deceased at the location of the offense. The four remaining photographs depict the victim's automobile. Appellant maintains the photographs were admitted solely to inflame the jury.

This Court has held that testimony concerning the scene of the murder, including a description of the body is admissible to throw light on the transaction and reveal its general nature. *Campbell v. State*, Tex. Cr.App., 525 S.W.2d 4. In *Martin v. State*, Tex.Cr.App., 475 S.W.2d 265, it was held that if a verbal description of the body and scene is admissible, a photograph depicting the scene is admissible. The photographs in the instant cause depict the victim's body at the scene of the offense and his automobile. We find no error in the court admitting the photographs into evidence.

In his seventh ground of error, appellant maintains the court erred in allowing the prosecutor to cross-examine him by using the statement of facts from a prior trial. Appellant contends that the use of the statement of facts acted so as to inform the jury that "prior proceedings had occurred concerning this appellant."

The record reflects that following appellant's objection, the court stated, out of the presence of the jury: "The Court

would simply observe that the question has been withdrawn and will not be asked." In his brief, appellant acknowledges that the court never ruled upon his objection. In the absence of an adverse ruling, nothing is presented for review. *Bryant v. State*, Tex. Cr.App., 570 S.W.2d 921. Appellant's seventh ground of error is without merit.

In his first ground of error, appellant contends the court erred in failing to grant a mistrial due to juror misconduct. He maintains that two jurors "falsely swore" that they did not know three of the State's witnesses.

The matter of which appellant now complains came to the court's attention after both sides had closed but before the charge was presented to the jury. At the appellant's request, the court questioned two jurors, in chambers, concerning their relationships with three of the State's witnesses. One of the jurors stated that he remembered two of the State's witnesses from high school in 1970. The other juror related that about seven years earlier, he had lived in the same neighborhood with one of the State's witnesses. Both jurors stated that they would be fair in their deliberations and the fact that they had previously been acquainted with the witnesses would not affect their performance as jurors.

The record does not contain a transcription of the voir dire examination. In overruling appellant's motion for a mistrial, the court stated:

"I think that the record probably will show that Defendant's Exhibit No. 2 is a list of witnesses furnished to the defendant prior to the jury voir dire; and it's my recollection that the jury panel was not questioned in regard to any of the witnesses on the list . . ."

In *Jones v. State*, Tex.Cr.App., 596 S.W.2d 134, the defendant urged that a juror was guilty of misconduct by deliberately concealing the fact that she had once been employed as a jail guard. It was noted that the defendant had not questioned the juror during the voir dire examination relative to her past employment. This Court found no misconduct on the part of the juror and stated:

"The voir dire examination *is not* an exercise to test the ability of defense counsel to joust with a prospective juror in an attempt to see what quantum of information he may or may not be withholding. The voir dire process *is* designed to insure, to the fullest extent possible, that an intelligent, alert, *disinterested, impartial*, and *truthful* jury will perform the duty assigned to it. *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Cr.App.1967). However, defense counsel has an obligation to ask questions calculated to bring out that information which might be said to indicate a juror's inability to be impartial, truthful, and the like. Unless defense counsel asks such questions, we must hold, as we do here, that the purportedly material information which a juror fails to disclose is not really 'withheld' so as to constitute misconduct which would warrant a reversal. . . ." (Emphasis in Original) (Citations Omitted) Id. at 137.

In the instant cause, there is no support in the record for appellant's assertion that the jurors "falsely swore" concerning their relationship with the State's witnesses. The court stated that appellant did not question the prospective jurors with regard to the names which appeared on the State's witness list. In the absence of a showing that the jurors withheld such information in response to questions from appellant, the ground of error is without merit.

In his second ground of error, appellant contends the court erred in overruling his objection to the court's charge with regard to the manner of death. The indictment alleges that appellant brought about the deceased's death by "shooting the said David Lee Potts with a pistol *and* by hitting the deceased on the head with a rock." (Emphasis Added). The court's charge authorized a conviction if the jury found that appellant brought about the deceased's death by "shooting the said David Lee Potts with a pistol *or* by hitting the deceased on the head with a rock." (Emphasis Added). Appellant urges that the use of conjunctive

means in the indictment and disjunctive means in the charge presents a variance.

Dr. John Graham, of the Dallas County Medical Examiner's Office, testified that he performed an autopsy on the deceased. Graham stated that the victim had sustained two gunshot wounds and that his skull had been fractured. One of the gunshot wounds was to the victim's back. Graham related that either the gunshot wound to the back or the fractured skull would have caused the victim's death.

In *Brandon v. State*, Tex.Cr.App., 599 S.W.2d 567, the indictment alleged murder by stabbing with a knife and shooting with a gun. The evidence at trial revealed that the victim died as a result of knife wounds. The court charged the jury only on the theory that death was caused by stabbing with a knife. The defendant urged the court erred in overruling his objection to the charge for failing to include shooting with a gun as a manner of death. No error is found and this Court stated:

> "It is proper to allege alternative means by which a murder is committed. *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App. 1978); *Anderson v. State*, 479 S.W.2d 57 (Tex.Cr.App.1972); *Burt v. State*, 38 Tex. Cr.R. 397, 40 S.W. 1000 (1897). It is only necessary to prove one of the means by which the murder was committed. *Dovalina v. State*, supra; *Garcia v. State*, 537 S.W.2d 930 (Tex.Cr.App.1976); *Medina v. State*, 49 S.W. 380 (Tex.Cr.App.1899), and it is proper to charge only on the means which is supported by the evidence. *Dovalina v. State*, supra; *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975); *Provost v. State*, 514 S.W.2d 269 (Tex.Cr.App. 1974). These grounds of error are overruled." Id. at 577.

In the instant cause, the evidence reveals that death would have resulted from either the victim being shot or having his skull fractured. The court properly charged the jury in the disjunctive with regard to the two means of causing death. No error is shown in the court overruling appellant's objection to the court's charge.

The judgment is affirmed.