Cooper v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-110-CR





JIMMY COOPER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT,


NO. 96,769, HONORABLE JON N. WISSER, JUDGE



 




PER CURIAM

 Appellant was convicted of unlawful delivery of a controlled substance, enhanced
by previous felony convictions, and sentenced to twenty-five years imprisonment. Texas
Controlled Substances Act, 1983 Tex. Gen. Laws, ch. 425, § 6, at 2373 [Tex. Rev. Civ. Stat. art.
4476-15, § 4.03, since repealed and codified at Tex. Health & Safety Code § 481.112 (Pamph.
1991)]. In a single point of error, appellant contends that the trial court fundamentally erred in
allowing prejudicial jury argument. We will affirm the judgment of conviction.

 During closing argument the district attorney said, "Now, the defense criticizes the
State for not bringing in [police officers] Pena and Sparkman. They weren't brought in because
they didn't have anything to add, ladies and gentlemen, and the defense can bring them in." 
Cooper objected to this argument, and the trial court sustained the objection. Cooper did not,
however, obtain an adverse ruling by requesting a motion for the jury to disregard and, if
necessary, a motion for mistrial. Appellant received the relief he requested and, thus, did not
preserve anything for appellate review. See Brooks v. State, 642 S.W.2d 791, 798 (Tex. Cr.
App. 1982); Evans v. State, 622 S.W.2d 866, 871 (Tex. Cr. App. 1981); Tex. R. App. P. Ann.
52(a) (Supp. 1991).

 Cooper admits that he failed to preserve the error, but instead asserts that the error
was fundamental under article 36.19 of the Code of Criminal Procedure as interpreted by the court
of criminal appeals in Almanza v. State. Tex. Code Cr. P. Ann. art. 36.19 (1981); Almanza, 686
S.W.2d 157, 171 (Tex. Cr. App. 1984). This argument is meritless. Article 36.19 of the Code
of Criminal Procedure contains the standards for both fundamental error and ordinary reversible
error relating to the court's charge, not closing argument. The point of error is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: August 28, 1991

[Do Not Publish]