NO. 07-00-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 8, 2002

_____

CHRISTOPHER WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13457-9906; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Christopher Williams was convicted by a jury of delivery of a controlled substance and punishment was assessed at two years confinement in a state jail facility and a $1,000 fine. Presenting one point of error, appellant contends the trial court erred in denying his motion for mistrial after the jury was

sworn and a member of the jury informed the court that he had withheld material information. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence. Thus, only the facts necessary to our disposition of the appeal will be considered. After the trial judge recessed the jury for lunch, a member of the jury, Paulo Posada, approached the judge and informed him that when a witness for the State, Mr. Salazar, entered the courtroom to be sworn, he recognized him by sight, but had not recognized his name when it was mentioned with other witnesses during *voir dire*. Although Posada claimed to have known Salazar for about 20 years, he nevertheless claimed he could be fair and impartial. When the jury and counsel returned from lunch, the trial judge reported the events to counsel and out of the jury's presence, made a record of Posada's conversation with him. Counsel for the State declined to examine Posada and following examination by appellant's counsel, appellant moved for a mistrial which the trial court denied.

Appellant's sole contention on appeal is that he was deprived of an opportunity to challenge the juror for cause or to exercise a peremptory challenge to the juror and that the trial court erred in denying his motion for mistrial. We disagree. The State contends that the record does not demonstrate that the juror withheld any information during *voir dire*. The record reflects that Posada did contact the trial judge during the noon recess and inform him that he recognized Salazar when he was sworn as a witness. The reporter's record also shows that the trial judge allowed appellant's counsel to examine Posada out

of the presence of the remaining members of the jury and that appellant's motion for mistrial was overruled.  However, the reporter's record does not include a transcription of *voir dire* examination.

In Bauder v. State, 921 S.W.2d 696, 698 (Tex.Cr.App. 1996), while discussing mistrials and double jeopardy issues, the Court stated:

> At the outset, we emphasize that mistrials are an extreme remedy for prejudicial events occurring during the trial process.

Later, in Wood v. State, 18 S.W.3d 642, 648 (Tex.Cr.App. 2000), in discussing mistrials, the Court noted:

> A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.  Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. [Citations omitted].  The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. . . .

In Evans v. State, 622 S.W.2d 866, 871 (Tex.Cr.App. 1981), the defendant asserted that two jurors "falsely swore" that they did not know three of the State's witnesses.  The record did not contain a transcription of the *voir dire* examination.  The Court concluded that absent a showing that the defendant questioned prospective jurors during *voir dire*

3

regarding names of potential witnesses and that they withheld information, the contention was without merit. *Id.*

Although we must consider all matters that were before the trial court in the underlying case to determine whether the trial court abused its discretion, matters complained of that are not in the reporter's record or in a bill of exception are not preserved for appellate review. Tex. R. App. P. 33.1(a) and 33.2; Vaughn v. State, 634 S.W.2d 310, 312 (Tex.Cr.App. 1982). Given the record before us, we are unable to determine that the trial court abused its discretion in overruling appellant's motion for mistrial. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4