COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-288-CR
        2-02-289-CR
 
WILLIAM SARRINGAR A/K/A    
                                                        APPELLANT
COREY D. REYNOLDS
V.
THE STATE OF
TEXAS                                                                        
STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant William Sarringar a/k/a Corey D. Reynolds appeals from his convictions
for aggravated robbery with a deadly weapon. In nine points, he challenges
various rulings of the trial court during both stages of trial.  We affirm.
        In
his first point, appellant argues that the trial court erred in denying his
motion for mistrial when State's witness Ken Morey testified that "[o]bviously,
[appellant] seemed to me that he had done this before," implying that
appellant had committed other robberies.  At trial, appellant objected to
the testimony as "speculation," but on appeal he complains that the
mistrial should have been granted because the testimony alluded to prior
offenses appellant committed in violation of a motion in limine. 
Specifically, appellant states that the testimony was offered to show that he
"was a criminal generally."  Because the basis of appellant's
complaint regarding the trial court's error in failing to grant the mistrial
does not comport with the basis raised in the trial court, appellant has waived
error on appeal.  See Bell v. State, 938 S.W.2d 35,
54-55 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997).  We overrule point one.
        In
appellant's second point, he argues the trial court erred in denying his motion
for mistrial to State's witness Craig Morey's testimony because 

 in violation of the in limine order of the
 court, [Morey] informed the jury that he had been told that the appellant had
 committed other crimes which statement was hearsay, non-responsive and also in
 violation of Texas Rules of Evidence 401, 403, and 404b after a similar remark
 had already been made by the previous State's witness, Ken Morey.

        At
trial, during questioning by the State, Craig Morey testified that he "was
told there was other crimes [committed by appellant], but --."  Before
Craig Morey could finish, the prosecutor stopped him, stating, "Okay.
That's enough."  Appellant then objected, "Your Honor, I'm going
to object to the last comment that was made by this witness.  It's a
violation of Rule 404B.  It's more prejudicial imposing under Rule 403, and
it's not relevant as his opinion under Rule 401."  The court overruled
the objection and found that "any probative value would outweigh the
possible prejudice, particularly in this regard."  Appellant then
objected to the statement on the grounds that it was hearsay and nonresponsive. 
The court sustained this objection and granted appellant's motion to disregard,
but denied his motion for mistrial.
       
Because appellant never requested a mistrial after the trial court overruled his
objection under rules 401, 403, and 404(b), Tex. R. Evid. 401, 403, 404(b), the
wording of point two is inaccurate and misleading.(2)  
In the interests of justice, however, we will address appellant's point as if he
were complaining about the trial court's overruling his objection based on rules
401, 403, and 404(b).
       
Assuming, without deciding, that error resulted from the trial court overruling
the above objection, we cannot say that such error affected appellant's
substantial rights, especially in light of the fact that the trial court ordered
the jury to disregard Craig Morey's statement, albeit on other grounds. See
Tex. R. App. P. 44.2(b); Kemp v. State, 846 S.W.2d 289,
308 (Tex. Crim. App. 1992) (stating that as a general rule, error resulting from
the admission of extraneous offense evidence will be cured by an instruction to
disregard), cert. denied, 508 U.S. 918 (1993). Nothing in
the record indicates that the testimony was elicited to inflame the minds of the
jury or that it was so damning as to become impossible to remove the harmful
impression from the jury. Kemp, 846 S.W.2d at 308 (setting
forth exception to general rule). We also conclude that the instruction to
disregard cured any harm that may have resulted to appellant with regard to the
testimony allegedly being hearsay or nonresponsive. We overrule appellant's
second point.
        In
appellant's third point, he challenges the trial court's denial of his motion to
suppress a live lineup because the police did not obtain from him a waiver of
his right to counsel before the lineup and because it was impermissibly
suggestive. He also appears to argue that the trial court erred in not granting
his motion to suppress the photographic lineup as impermissibly suggestive.
       
The record before this court on the motion to suppress provides no indication of
what the trial court considered when it overruled the motion. At trial,
appellant appears to have requested that the trial court examine the record from
another case in ruling on the motion to suppress in this case, in lieu of
presenting his motion before the court. There is no record of that hearing
before us, and the record before us does not include argument or evidence in
support of the motion. And although the record contains two motions handwritten
by appellant proceeding pro se while he was represented by counsel, the motions
have no file-mark and appellant never cites or refers to those motions in his
brief on appeal. Finally, the trial court did not make findings of fact
regarding its ruling on the motion to suppress.
        In
reviewing the trial court's ruling on the motion to suppress, we limit our
review to the record that was brought forward in this case. Evans
v. State, 622 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1981); Garza
v. State, 622 S.W.2d 85, 89-90 (Tex. Crim. App. 1981) (op. on reh'g). We
will not review the record of another case to find support for appellant's
contentions. Evans, 622 S.W.2d at 868; Garza,
622 S.W.2d at 89-90.
       
The ruling of a trial court on a motion to suppress will not be set aside absent
a showing of abuse of discretion. Maddox v. State, 682
S.W.2d 563, 564 (Tex. Crim. App. 1985); Jackson v. State,
968 S.W.2d 495, 498 (Tex. App.--Texarkana 1998, pet. ref'd). Viewing the
evidence in the light most favorable to the trial court's ruling, we consider
only whether the trial court improperly applied the law to the facts. Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). If the court's
findings are supported by the record, we are not at liberty to disturb them. Cantu
v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). When the trial court
does not make explicit findings of historical facts, we view the evidence in the
light most favorable to the trial court's ruling and assume that the trial court
made implicit findings of fact supporting its ruling, if those findings are
supported by the record. Carmouche v. State, 10 S.W.3d
323, 327-28 (Tex. Crim. App. 2000). In determining whether a trial court's
decision is supported by the record, we generally consider only evidence adduced
at the suppression hearing because the ruling was based on it rather than
evidence introduced later. Rachal v. State, 917 S.W.2d
799, 809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043
(1996).
       
Because there is no record of the hearing on the motion to suppress in this
case, there is nothing for this court to review, preventing us from determining
whether the trial court abused its discretion. Thus, we overrule point three.
        In
appellant's fourth and fifth points, he argues that the trial court abused its
discretion in overruling his request for an article 38.23 jury charge
instruction at guilt-innocence with regard to a post-arrest statement appellant
made to the police in the absence of a waiver of rights. Tex. Code Crim. Proc.
Ann. art. 38.23 (Vernon Supp. 2003). Article 38.23 provides that:

         No evidence obtained by an
 officer or other person in violation of any provisions of the Constitution or
 laws of the State of Texas, or of the Constitution or laws of the United
 States of America, shall be admitted in evidence against the accused on the
 trial of any criminal case.
         In any case where the
 legal evidence raises an issue hereunder, the jury shall be instructed that if
 it believes, or has a reasonable doubt, that the evidence was obtained in
 violation of the provisions of this Article, then and in such event, the jury
 shall disregard any such evidence so obtained.

Id. art. 38.23(a).
       
Appellant complains about a statement he made to the police approximately
three-to-five minutes after the police tried to question him but ceased doing
because appellant became angry and abusive. The statement was not solicited by
the police, nor were the police talking to him when it was made. Appellant
volunteered the statement. Under these circumstances, the statement did not stem
from a custodial interrogation and was admissible. See Camarillo
v. State, 82 S.W.3d 529, 535-36 (Tex. App.--Austin 2002, no pet.); see
also Lewis v. State, 72 S.W.3d 704, 706 (Tex. App.--Fort Worth 2002, pet.
ref'd) ("Custodial interrogation means questioning initiated by law
enforcement officers after a person has been taken into custody or otherwise
deprived of his freedom of action in any significant way."). Thus, we hold
the trial court did not abuse its discretion in overruling appellant's request
for an instruction pursuant to article 38.23. We overrule points four and five.
        In
appellant's sixth through ninth points, he complains about the trial court's
rulings on various objections and motions he made with regard to the State's
argument at punishment. We will address points six and eight together. In point
six, appellant complains that the trial court erred in overruling his motion for
mistrial on the following argument:

         [THE STATE]: Counsel,
 co-counsel, thank you for your time and attention the last several days. As we
 discussed with you yesterday, this is a very serious case. The punishment --
 punishment is the time that you hear about the contributions a defendant has
 made to society, and you consider that he has performed well at his job, that
 he volunteers in the community, that this is one isolated mistake. Those are
 the kind of things that can come forward in the punishment phase. It's not
 just about the State putting on other cases. It's about the defendant's chance
 in each and every punishment phase to show that this was one bad decision.
         [DEFENSE COUNSEL]: Your
 Honor, we're going to object. I'm going -- comment upon defendant's right --
 defendant to testify.
         THE COURT: I'll overrule
 the objection.
         [THE STATE]: Thank you. No
 boss, no volunteer coordinator here to tell you that he's done a great job
 because his job --
         [DEFENSE COUNSEL]: Excuse
 me. Your Honor, I'm going to object. It's not permissible to have other people
 offer acts of contrition of the defendant. That's an improper statement, we
 object.
         THE COURT: Ladies and
 gentlemen of the jury, I'm going to sustain this objection, and don't consider
 that last statement by the --
         [THE STATE]: Your Honor,
 may I respond?
         THE COURT: I've ruled now.
         [DEFENSE COUNSEL]: Your
 Honor, we appreciate the Court having instructed to disregard. We still have
 to ask for mistrial.
         THE COURT: And I'll not
 grant it. If you'll proceed, please.

Appellant does not complain about the
objection that was overruled.
           
In appellant's eighth point, he argues that the trial court erred in overruling
his objection to the State's comment on his failure to testify and in failing to
grant a mistrial in response to argument relying on evidence outside the record:

         [THE STATE]: This man is
 not a victim. He has made no contributions to anything positive in the month,
 just one month --
         [DEFENSE COUNSEL]: Excuse
 me. Judge, I'm going to object. That is outside the record, and a comment on
 the failure to testify.
         THE COURT: I'll overrule
 the objection except that it is outside of the record.
         [DEFENSE COUNSEL]: Ask
 that you instruct the jury to disregard on that basis.
         THE COURT: Ladies and
 gentlemen of the jury, don't consider that last statement.
         [DEFENSE COUNSEL]: Move
 for mistrial, Your Honor.
         THE COURT: And I will not
 grant it.

       
The approved general areas of argument are: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement. Hathorn v. State,
848 S.W.2d 101, 117 (Tex. Crim. App. 1992), cert. denied,
509 U.S. 932 (1993). Even when an argument exceeds the permissible bounds of
these approved areas, reversible error does not occur unless, in light of the
record as a whole, the argument is extreme or manifestly improper, violative of
a mandatory statute, or injects new facts harmful to the accused into the trial
proceeding. Todd v. State, 598 S.W.2d 286, 296-97 (Tex.
Crim. App. [Panel Op.] 1980). The remarks must have been a willful and
calculated effort on the part of the State to deprive appellant of a fair and
impartial trial. Cantu v. State, 939 S.W.2d 627, 633 (Tex.
Crim. App.), cert. denied, 522 U.S. 994 (1997). In most
instances, an instruction to disregard the remarks will cure the error. Wilkerson
v. State, 881 S.W.2d 321, 327 (Tex. Crim. App.), cert.
denied, 513 U.S. 1060 (1994); Cooks v. State, 844
S.W.2d 697, 727 (Tex. Crim. App. 1992), cert. denied, 509
U.S. 927 (1993).
       
Because the State's comments in points six and eight were quickly followed by an
instruction to disregard from the trial court, we presume the jury complied with
the instruction. See Colburn v. State, 966 S.W.2d 511, 520
(Tex. Crim. App. 1998). Only offensive or flagrant error warrants reversal when
there has been an instruction to disregard, and the comments in this case were
not so flagrant that the instructions to disregard were ineffective. See
Wilkerson, 881 S.W.2d at 327. Thus, we overrule point six and point eight
with regard to the trial court's alleged error in failing to grant the motions
for mistrial. We further overrule point eight with regard to the trial court's
overruling the objection to the State's comment on appellant's failure to
testify because we conclude that the ruling was within the zone of reasonable
disagreement. See Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000).
        In
point seven, appellant argues the trial court erred in overruling his objection
to the State's argument at punishment that appellant "has a total disregard
for the citizens of our society, total disregard." Appellant objected on
the grounds that the statement was "an attempt to state personal opinions.
It's not based upon the evidence." Based on the evidence that appellant
committed numerous violent crimes within a one-month period, this argument could
be construed as a summation of the evidence or a reasonable deduction from the
evidence. Thus, the trial court did not abuse its discretion in overruling the
objection. See id. (stating if trial court's ruling is
within zone of reasonable disagreement, then it will be upheld). We overrule
point seven.
        In
point nine, appellant argues that the trial court erred in overruling his
objection to the State's argument at punishment that appellant presented no
testimony showing he had made a contribution: "And was there any witness
for the Defense to show the contribution he made during the month --." At
trial, appellant objected on the ground that this was a "direct
comment." Before trial counsel could complete his objection, the trial
court interrupted him and called a bench conference. Appellant argues that the
statement was an improper comment on his failure to testify and was a comment on
evidence outside the record. Although we cannot determine from the record the
intended basis or bases of the objection, it appears the trial court understood
the basis; thus, the issue was preserved for review. See
Tex. R. App. P. 33.1; Dixon v. State, 928 S.W.2d 564,
564-65 (Tex. Crim. App. 1996). In the interests of justice, we will address both
grounds asserted by appellant.
        We
do not believe that a jury would necessarily construe the State's statement as a
comment on appellant's failure to testify. See Faulkner v.
State, 940 S.W.2d 308, 311 (Tex. App.--Fort Worth 1997, pet. ref'd) (op. on
reh'g). The comment appears to be nothing more than a comment on appellant's
failure to present witnesses who could testify to contributions he has made and
does not appear to be directed to his failure to testify or to evidence not in
the record. See, e.g., Sonnier v. State, 913 S.W.2d 511,
523 (Tex. Crim. App. 1995) ("It is within the bounds of permissible jury
argument for the State to comment on an appellant's failure to call competent
and material witnesses."). Thus, we hold the trial court did not abuse its
discretion in overruling appellant's objection. See id.;
see also Weathered, 15 S.W.3d at 542. We overrule point nine.
       
Having overruled appellant's nine points, we affirm the trial court's judgment.
 
   
                                                        SAM
J. DAY
   
                                                        JUSTICE
 
PANEL A: CAYCE, C.J.; DAY, J.; and DAVID L. RICHARDS, J. (Sitting by
Assigment).
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.
2. Under the circumstances, a motion for mistrial was not
necessary to preserve error on his objection based on rules 401, 403, and 404(b)
because error was preserved when the trial court overruled the objection. See
Tex. R. App. P. 33.1(a).