sarringar v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS.
 
2-02-288-CR

2-02-289-CR

WILLIAM SARRINGAR A/K/A APPELLANT

COREY D. REYNOLDS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant William Sarringar a/k/a Corey D. Reynolds appeals from his convictions for aggravated robbery with a deadly weapon.  In nine points, he challenges various rulings of the trial court during both stages of trial.  We affirm.

In his first point, appellant argues that the trial court erred in denying his motion for mistrial when State’s witness Ken Morey testified that “[o]bviously, [appellant] seemed to me that he had done this before,” implying that appellant had committed other robberies.  At trial, appellant objected to the testimony as “speculation,” but on appeal he complains that the mistrial should have been granted because the testimony alluded to prior offenses appellant committed in violation of a motion in limine.  Specifically, appellant states that the testimony was offered to show that he “was a criminal generally.”  Because the basis of appellant’s complaint regarding the trial court’s error in failing to grant the mistrial does not comport with the basis raised in the trial court, appellant has waived error on appeal.  
See Bell v. State
, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).  We overrule point one.

In appellant’s second point, he argues the trial court erred in denying his motion for mistrial to State’s witness Craig Morey’s testimony because

in violation of the in limine order of the court, [Morey] informed the jury that he had been told that the appellant had committed other crimes which statement was hearsay, non-responsive and also in violation of Texas Rules of Evidence 401, 403, and 404b after a similar remark had already been made by the previous State’s witness, Ken Morey.

At trial, during questioning by the State, Craig Morey testified that he “was told there was other crimes [committed by appellant], but --.”  Before Craig Morey could finish, the prosecutor stopped him, stating, “Okay.  That’s enough.”  Appellant then objected, “Your Honor, I’m going to object to the last comment that was made by this witness.  It’s a violation of Rule 404B.  It’s more prejudicial imposing under Rule 403, and it’s not relevant as his opinion under Rule 401.”  The court overruled the objection and found that “any probative value would outweigh the possible prejudice, particularly in this regard.”  Appellant then objected to the statement on the grounds that it was hearsay and nonresponsive.  The court sustained this objection and granted appellant’s motion to disregard, but denied his motion for mistrial.

Because appellant never requested a mistrial after the trial court overruled his objection under rules 401, 403, and 404(b), 
Tex. R. Evid.
 401, 403, 404(b), the wording of point two is inaccurate and misleading.
(footnote: 2)  In the interests of justice, however, we will address appellant’s point as if he were complaining about the trial court’s overruling his objection based on rules 401, 403, and 404(b).   

Assuming, without deciding, that error resulted from the trial court overruling the above objection, we cannot say that such error affected appellant’s substantial rights, especially in light of the fact that the trial court ordered the jury to disregard Craig Morey’s statement, albeit on other grounds.  
See
 
Tex. R. App.
 P. 44.2(b); 
Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (stating that as a general rule, error resulting from the admission of extraneous offense evidence will be cured by an instruction to disregard), 
cert. denied
, 508 U.S. 918 (1993).  Nothing in the record indicates that the testimony was elicited to inflame the minds of the jury or that it was so damning as to become impossible to remove the harmful impression from the jury.  
Kemp
, 846 S.W.2d at 308 (setting forth exception to general rule).  We also conclude that the instruction to disregard cured any harm that may have resulted to appellant with regard to the testimony allegedly being hearsay or nonresponsive.  We overrule appellant’s second point. 

In appellant’s third point, he challenges the trial court’s denial of his motion to suppress a live lineup because the police did not obtain from him a waiver of his right to counsel before the lineup and because it was impermissibly suggestive.  He also appears to argue that the trial court erred in not granting his motion to suppress the photographic lineup as impermissibly suggestive.

The record before this court on the motion to suppress provides no indication of what the trial court considered when it overruled the motion.  At trial, appellant appears to have requested that the trial court examine the record from another case in ruling on the motion to suppress in this case, in lieu of presenting his motion before the court.  There is no record of that hearing before us, and the record before us does not include argument or evidence in support of the motion.  And although the record contains two motions handwritten by appellant proceeding pro se while he was represented by counsel, the motions have no file-mark and appellant never cites or refers to those motions in his brief on appeal.  Finally, the trial court did not make findings of fact regarding its ruling on the motion to suppress.

In reviewing the trial court’s ruling on the motion to suppress, we limit our review to the record that was brought forward in this case.  
Evans v. State
, 622 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1981); 
Garza v. State
, 622 S.W.2d 85, 89-90 (Tex. Crim. App. 1981) (op. on reh’g).  We will not review the record of another case to find support for appellant’s contentions.  
Evans
, 622 S.W.2d at 868; 
Garza
, 622 S.W.2d at 89-90.  

The ruling of a trial court on a motion to suppress will not be set aside absent a showing of abuse of discretion.  
Maddox v. State
, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985); 
Jackson v. State
, 968 S.W.2d 495, 498 (Tex. App.—Texarkana 1998, pet. ref'd).  Viewing the evidence in the light most favorable to the trial court's ruling, we consider only whether the trial court improperly applied the law to the facts.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  If the court's findings are supported by the record, we are not at liberty to disturb them.  
Cantu v. State
, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).  When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record.
  Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).

Because there is no record of the hearing on the motion to suppress in this case, there is nothing for this court to review, preventing us from determining whether the trial court abused its discretion.  Thus, we overrule point three.

In appellant’s fourth and fifth points, he argues that the trial court abused its discretion in overruling his request for an article 38.23 jury charge instruction at guilt-innocence with regard to a post-arrest statement appellant made to the police in the absence of a waiver of rights.
  Tex. Code Crim. Proc. Ann. 
art. 38.23 (Vernon Supp. 2003).  Article 38.23 provides that:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Id.
 art. 38.23(a).  

Appellant complains about a statement he made to the police approximately three-to-five minutes after the police tried to question him but ceased doing because appellant became angry and abusive.  The statement was not solicited by the police, nor were the police talking to him when it was made.  Appellant volunteered the statement.  Under these circumstances, the statement did not stem from a custodial interrogation and was admissible.  
See
 
Camarillo v. State
, 82 S.W.3d 529, 535-36 (Tex. App.—Austin 2002, no pet.); 
see also Lewis v. State
, 72 S.W.3d 704, 706 (Tex. App.—Fort Worth 2002, pet. ref’d) (“Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.”).  Thus, we hold the trial court did not abuse its discretion in overruling appellant’s request for an instruction pursuant to article 38.23.  We overrule points four and five. 

In appellant’s sixth through ninth points, he complains about the trial court’s rulings on various objections and motions he made with regard to the State’s argument at punishment.  We will address points six and eight together.   In point six, appellant complains that the trial court erred in overruling his motion for mistrial on the following argument:

[THE STATE]:  Counsel, co-counsel, thank you for your time and attention the last several days.  As we discussed with you yesterday, this is a very serious case.  The punishment -- punishment is the time that you hear about the contributions a defendant has made to society, and you consider that he has performed well at his job, that he volunteers in the community, that this is one isolated mistake.  Those are the kind of things that can come forward in the punishment phase.  It’s not just about the State putting on other cases.  It’s about the defendant’s chance in each and every punishment phase to show that this was one bad decision.

[DEFENSE COUNSEL]:  Your Honor, we’re going to object.  I’m going -- comment upon defendant’s right -- defendant to testify.

THE COURT:  I’ll overrule the objection.

[THE STATE]:  Thank you.  No boss, no volunteer coordinator here to tell you that he’s done a great job because his job --

[DEFENSE COUNSEL]:  Excuse me.  Your Honor, I’m going to object.  It’s not permissible to have other people offer acts of contrition of the defendant.  That’s an improper statement, we object.

THE COURT:  Ladies and gentlemen of the jury, I’m going to sustain this objection, and don’t consider that last statement by the -- 

[THE STATE]:  Your Honor, may I respond?

THE COURT:  I’ve ruled now.

[DEFENSE COUNSEL]:  Your Honor, we appreciate the Court having instructed to disregard.  We still have to ask for mistrial.

THE COURT:  And I’ll not grant it.  If you’ll proceed, please.

Appellant does not complain about the objection that was overruled.  

In appellant’s eighth point, he argues that the trial court erred in overruling his objection to the State’s comment on his failure to testify and in failing to grant a mistrial in response to argument relying on evidence outside the record:

[THE STATE]:  This man is not a victim.  He has made no contributions to anything positive in the month, just one month --

[DEFENSE COUNSEL]:  Excuse me.  Judge, I’m going to object.  That is outside the record, and a comment on the failure to testify.

THE COURT:  I’ll overrule the objection except that it is outside of the record.

[DEFENSE COUNSEL]:  Ask that you instruct the jury to disregard on that basis.

THE COURT:  Ladies and gentlemen of the jury, don’t consider that last statement.

[DEFENSE COUNSEL]:  Move for mistrial, Your Honor.

THE COURT:  And I will not grant it.

The approved general areas of argument are:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. 
Hathorn v. State
, 848 S.W.2d 101, 117 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 932 (1993).  Even when an argument exceeds the permissible bounds of these approved areas, reversible error does not occur unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding.  
Todd v. State
, 598 S.W.2d 286, 296-97 (Tex. Crim. App. [Panel Op.] 1980).  The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial.
  Cantu v. State
, 939 S.W.2d 627, 633 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 994 (1997).  In most instances, an instruction to disregard the remarks will cure the error.  
Wilkerson v. State
, 881 S.W.2d 321, 327 (Tex. Crim. App.),
 cert. denied
, 513 U.S. 1060 (1994); 
Cooks v. State
, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 927 (1993). 

Because the State's comments in points six and eight were quickly followed by an instruction to disregard from the trial court, we presume the jury complied with the instruction.  
See Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Only offensive or flagrant error warrants reversal when there has been an instruction to disregard, and the comments in this case were not so flagrant that the instructions to disregard were ineffective.  
See Wilkerson
, 881 S.W.2d at 327.  Thus, we overrule point six and point eight with regard to the trial court’s alleged error in failing to grant the motions for mistrial.  We further overrule point eight with regard to the trial court’s overruling the objection to the State’s comment on appellant’s failure to testify because we conclude that the ruling was within the zone of reasonable disagreement.  
See Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

In point seven, appellant argues the trial court erred in overruling his objection to the State’s argument at punishment that appellant “has a total disregard for the citizens of our society, total disregard.”  Appellant objected on the grounds that the statement was “an attempt to state personal opinions.  It’s not based upon the evidence.”  Based on the evidence that appellant committed numerous violent crimes within a one-month period, this argument could be construed as a summation of the evidence or a reasonable deduction from the evidence.  Thus, the trial court did not abuse its discretion in overruling the objection.  
See id.
 (stating if trial court's ruling is within zone of reasonable disagreement, then it will be upheld).  We overrule point seven.  

In point nine, appellant argues that the trial court erred in overruling his objection to the State’s argument at punishment that appellant presented no testimony showing he had made a contribution:  “And was there any witness for the Defense to show the contribution he made during the month --.”  At trial, appellant objected on the ground that this was a “direct comment.”  Before trial counsel could complete his objection, the trial court interrupted him and called a bench conference.  Appellant argues that the statement was an improper comment on his failure to testify and was a comment on evidence outside the record.  Although we cannot determine from the record the intended basis or bases of the objection, it appears the trial court understood the basis; thus, the issue was preserved for review.  
See
 
Tex. R. App.
 P. 33.1;
 Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996).  In the interests of justice, we will address both grounds asserted by appellant.

We do not believe that a jury would necessarily construe the State’s statement as a comment on appellant’s failure to testify.  
See Faulkner v. State
, 940 S.W.2d 308, 311 (Tex. App.—Fort Worth 1997, pet. ref’d) (op. on reh’g).  The comment appears to be nothing more than a comment on appellant’s failure to present witnesses who could testify to contributions he has made and does not appear to be directed to his failure to testify or to evidence not in the record.  
See, e.g., Sonnier v. State
, 913 S.W.2d 511, 523 (Tex. Crim. App. 1995) (“It is within the bounds of permissible jury argument for the State to comment on an appellant's failure to call competent and material witnesses.”).  Thus, we hold the trial court did not abuse its discretion in overruling appellant’s objection.  
See id.
;
 see also Weathered
, 15 S.W.3d at 542.  We overrule point nine.      

Having overruled appellant’s nine points, we affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY, J.; and DAVID L. RICHARDS, J. (Sitting by Assigment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Under the circumstances, a motion for mistrial was not necessary to preserve error on his objection based on rules 401, 403, and 404(b) because error was preserved when the trial court overruled the objection.  
See
 
Tex. R. App. P.
 33.1(a).