In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00279-CR
NO. 09-17-00280-CR
_____

**MARCUS DEWAYNE MCPHERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-24558, 16-24559**

**MEMORANDUM OPINION**

A jury convicted Marcus DeWayne McPherson of the offenses of possession of marijuana in an amount greater than four ounces but less than five pounds and money laundering. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (West 2017); Tex. Penal Code Ann. § 34.02 (West 2016). The jury assessed punishment of eighteen months in jail with a fine of $3,000.00 for the possession of marijuana and

1

three years in prison with a fine of $3,000.00 for money laundering. McPherson appeals his convictions, arguing the trial court erred by admitting his interrogatory answers from a civil forfeiture proceeding as evidence in the guilt-innocence phase of his criminal trial where he "had otherwise exercised [his] right to remain silent[.]" We affirm the judgments of the trial court.

## Background

On January 19, 2016, Jefferson County Sheriff's Officer Allen Burleson was working interdiction on Interstate 10 (I-10). Burleson stopped McPherson for traffic violations in Jefferson County on I-10 westbound, headed to Houston. Dash camera video of the stop from Officer Burleson's vehicle was admitted as evidence. The video showed that after Officer Burleson approached the vehicle, he told McPherson why he stopped him. Officer Burleson questioned McPherson about where he had been and where he was traveling. Officer Burleson explained to the jury that I-10 is a known drug corridor.

At trial, Officer Burleson testified McPherson was nervous, and he did not believe McPherson's stated reasons for traveling. Other suspicious items in the vehicle included a bottle of air freshener, a Gatorade bottle that appeared to contain urine, three cell phones, and mail from McPherson's address in Florida, which indicated he was not working in Baton Rouge as he claimed. While Burleson

2

acknowledged it is not illegal to possess those items by themselves, he explained they were "indicators to lead to the bigger picture" and felt McPherson may have been involved in criminal activity. Officer Burleson also confirmed he found evidence that the vehicle was rented.

Officer Burleson asked to search the vehicle, and McPherson consented. Approximately twenty minutes into the search, Officer Burleson located vacuum sealed bundles of money hidden under a cover near the spare tire and bumper. Burleson continued searching and located a backpack in the same area of the vehicle, near the money. The backpack contained vacuum sealed bags of high-grade marijuana. A forensic scientist, employed by Jefferson County Regional Crime Lab, later testified the substance seized from the vehicle was marijuana that weighed 22.03 ounces, and the trial court admitted his report into evidence.

Officer Burleson testified that after he searched the vehicle, he believed McPherson came from Florida and was traveling to Houston. Officer Burleson testified he retrieved $28,380.00 from the vehicle. Officer Burleson confirmed that if the money was proceeds from criminal activity, and if McPherson knew the money was in the car, he committed the crime of money laundering by transporting the money.

Officer Burleson testified that when they locate money, Department policy requires the money to be taken to the bank, where the bank counts it and puts it in a subject to being seized by the County. He explained that in a Chapter 59 seizure affidavit, the officer provides the reasons the money is believed to have been involved in criminal activity, such as the illegal sale of narcotics. The affidavit is then filed with the District Attorney's office, where it becomes included in a civil forfeiture proceeding. The State offered McPherson's answers to interrogatories from the civil forfeiture proceeding as State's Exhibit 19 in presenting its evidence in McPherson's trial. In a bench conference, the state explained that it wanted defense counsel to have an opportunity to look at the exhibit before offering it into evidence. McPherson's counsel responded he had been furnished with a copy, and specifically stated, "I don't believe the proper predicate has been laid for its admissibility at this time." This was the only objection made, which the trial court initially sustained. When trial re-convened the following day, however, the trial court stated, "Before I do that, you tendered yesterday, and I sustained [defense counsel's] objection, No. 19. I've reviewed that. I believe I was incorrect. [Defense counsel], your objection to 19's overruled; and 19's admitted as evidence." The defense did not make any further objection, and the trial court admitted McPherson's

4

answers to the interrogatories that he filed in the civil forfeiture proceeding into evidence as State's Exhibit 19.

Later, the State had the opportunity to examine Officer Burleson when he was recalled and the prosecution questioned him about McPherson's interrogatory answers. The prosecutor specifically asked Burleson about interrogatory 13, which inquired about the source of the money seized. Burleson read McPherson's answer, indicating McPherson's answer said: "It was Defendant's money." There was no objection to this line of questioning. Only when the State asked Officer Burleson if McPherson prepared the answer to the interrogatory himself did the defense object claiming the answer was speculation. The trial judge sustained the objection. The State went on to question Officer Burleson about the interrogatory answers pertaining to McPherson's prior felony convictions. At that point, the defense stated, "Your Honor, we renew our objection, especially to this question and answer, as being inadmissible and the proper predicate hasn't been laid or door opened." The trial judge overruled the objection and noted State's Exhibit 19 was already in evidence.

## Analysis

The State argues that McPherson failed to preserve his complaint for our review. However, in support of his argument that the trial court erred by admitting

his interrogatory answers from the civil forfeiture proceeding in the guilt-innocence phase of his criminal trial, McPherson essentially asserts that his right against self-incrimination under the Fifth Amendment is a fundamental, category-two right, and he suggests his objection cannot be waived unless waived knowingly, voluntarily, and intelligently.[1]

Generally, a contemporaneous objection must be made to preserve error for appeal. *See* Tex. R. App. P. 33.1(a). The rule, however, is not absolute. In *Marin*, the Court of Criminal Appeals "held that the general preservation requirement's application turns on the nature of the right allegedly infringed." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Marin v. State*, 851 S.W.2d 275 (Tex.

---

[1] McPherson argues that no warnings were given to him in the civil proceedings with respect to the interrogatory answers on the subject of his right not to incriminate himself in his answer. However, with the exception of McPherson's interrogatory answers, the record in McPherson's civil forfeiture case is not before us. We cannot take as true allegations not supported by the record before us in the appeal. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2014) (citing *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). Further, we "cannot go to the record of another case for the purpose of considering testimony not shown in the record of the case before [us]." *Evans v. State*, 622 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1981); *see also Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (internal citations omitted). The discovery responses contained in State's Exhibit 19 indicate McPherson was represented by the same attorney who represented him in the criminal proceedings, and there were no objections to the interrogatories in the document that is before us here. Thus, nothing in the record shows that McPherson ever objected to the discovery requests in the civil forfeiture proceeding.

Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Defendants' rights may be separated into three categories. *See Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (recognizing category one, category two, and category three rights outlined in *Marin*); *Grado*, 445 S.W.3d at 739; *Marin*, 851 S.W.2d at 278–80. Absolute rights fall into the first category and are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone." *Marin*, 851 S.W.2d at 278 (internal citations omitted). The second category consists of rights "that are 'not forfeitable'—they cannot be surrendered by mere inaction, but are 'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made." *Grado*, 445 S.W.3d at 739 (citing *Marin*, 851 S.W.2d at 279–80). A trial judge has a duty to implement this second category of rights without any request unless there is an effective express waiver. *Id.* (citing *Marin*, 851 S.W.2d at 279–80). "[T]he third category of rights are 'forfeitable' and must be requested by the litigant." *Id.* (citing *Marin*, 851 S.W.2d at 279–80). This includes many rights of a criminal defendant, some which are constitutional, and can be forfeited by inaction. *Id.* (citing *Marin*, 851 S.W.2d at 279).

The general error preservation rules apply to many constitutional errors. *See Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002). The two narrow

7

exceptions to the rule that generally requires a timely and specific objection to preserve error are "rights which are waivable only" and denials of "absolute systemic requirements." *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). Errors that fall in these two categories may be raised for the first time on appeal, and examples of waivable-only rights include the right to assistance of counsel and the right to a jury trial. *Id.; Badall v. State*, 216 S.W.3d 865, 867 (Tex. App.—Beaumont 2007, pet. ref'd). Although McPherson argues otherwise, the Fifth Amendment right against self-incrimination can be forfeited by failing to raise a timed and specific objection during the defendant's trial. *See Grado*, 445 S.W.3d at 741 n.29 (internal citations omitted); *Johnson v. State*, 357 S.W.3d 653, 658 n.3 (Tex. Crim. App. 2012). "The Fifth Amendment privilege against self-incrimination under a *Marin* analysis is a forfeitable privilege." *Johnson*, 357 S.W.3d at 658 n.3 (citing *Marin*, 851 S.W.2d at 278–79). The Court of Criminal Appeals explained in *Johnson*, "[t]his is true because any relinquishment of the privilege need not be expressly made, and a trial judge has no independent duty to implement a defendant's Fifth Amendment privilege." *Id.* (citing *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984); *Marin*, 851 S.W.2d at 279). The "privilege against compelled self-incrimination is not ordinarily

self-executing. In all but a few specific situations, a criminal defendant must timely assert his privilege[.]"[2] *Chapman v. State*, 115 S.W.3d 1, 6 (Tex. Crim. App. 2003).

We conclude McPherson was required to make a specific, timely objection in the trial court to preserve his right to complain that admitting his interrogatories from the civil forfeiture case violated his 5th Amendment right to preserve his right to complain about that subject in his appeal. *See* Tex. R. App. 33.1(a)(1); *see also Johnson*, 357 S.W.3d at 658 n.3; *Chapman*, 115 S.W.3d at 6.

## Conclusion

McPherson's objections at trial to the admission of State's Exhibit 19 do not comport with the complaint he has raised in his appeal. Therefore, nothing regarding the argument he presents in his brief has been preserved for our review. We affirm the trial court's judgments.

AFFIRMED.

_____
CHARLES KREGER
Justice

---

[2] One narrow exception to the assertion requirement is the "classic penalty situation" where a person is threatened with punishment for exercising his Fifth Amendment rights. *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984); *Chapman v. State*, 115 S.W.3d 1, 6–7 (Tex. Crim. App. 2003). This exception does not apply here.

Submitted on October 24, 2018
Opinion Delivered February 27, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.