Alonzo D. DIXON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 990–96, 991–96.

Court of Criminal Appeals of Texas.

Sept. 11, 1996.

Michael Logan Ware, Fort Worth, for appellant.

Anne E. Swenson, Assistant District Attorney, Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of incest, indecency with a child, and aggravated sexual assault. The trial court assessed his punishment at confinement for 25 years, 25 years, and 45 years, respectively. This conviction was affirmed. *Dixon v. State,* 923 S.W.2d 161 (Tex.App.—Fort Worth, 1996). Appellant's petition for discretionary review challenges the Court of Appeals' holding that Appellant failed to preserve error in his complaint that the State improperly impeached a defense witness with pending felony charges.

Appellant called Elmer Pelfrey to testify in his behalf during the guilt-innocence phase of the trial. Pelfrey had felony charges pending against him, and his counsel was present for his testimony. Prior to his testimony, Pelfrey's counsel objected outside the jury's presence to the State's anticipated impeachment of Pelfrey with his pending charges. Pelfrey's counsel argued that under the rules of evidence, only final felony convictions may be used to impeach testimony. The trial court overruled the objection, stating, "Under bias and motive, they can go into the fact that he does have pending charges against him." When the State questioned Pelfrey about the charges in the jury's presence, Appellant's counsel stated, "I'm going to object to that." The trial judge responded, "For the reasons stated previously, I will overrule the objection."

In his first point of error on appeal, Appellant argued that the impeachment was improper under Tex.R.Crim.Evid. 608(b) and 609(a) because the charges were pending and did not result in final felony convictions. The Court of Appeals summarily overruled this point of error, holding that Appellant failed to preserve error because he did not adopt the objection made by Pelfrey's counsel and his own objection was too general to preserve error.

In his petition for discretionary review, Appellant submits that the Court of Appeals failed to recognize that under this Court's opinions in *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977) and *Lankston v. State,* 827 S.W.2d 907 (Tex.Cr.App.1992), a general objection will preserve error if its grounds are apparent to the trial judge. He argues that because the trial court overruled the objection and ruled the impeachment proper "for the reasons stated previously," it understood the grounds for Appellant's objection to be the same as those previously voiced by Pelfrey's counsel.

We agree. Since the trial court explicitly overruled Appellant's objection for the reasons stated previously, i.e., the reason given for overruling Pelfrey's objection, the judge was treating Appellant's objection as an adoption of Pelfrey's. Therefore, the Court of Appeals erred by holding that error was not preserved because counsel's objection was too general to apprise the trial court of its grounds.

Accordingly, we grant Appellant's petition, vacate the judgment of the Court of Appeals and remand the cause to that court for disposition consistent with this opinion.