Alonzo D. DIXON, Appellant,

v.

The STATE of Texas, State.

Nos. 2–95–062–CR, 2–95–063–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 13, 1997.

Law Offices of Michael Logan Ware, and Michael Logan Ware, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant District Attorney and Chief of the Appellate Division, and Anne E. Swenson, Anne Box and Christy Jack, Assistant District Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

CAYCE, Chief Justice.

Pursuant to Tex.R.App. P. 50, we have reconsidered our prior opinion upon the appellant's petition for discretionary review. Our opinion and judgments of September 25, 1997 are withdrawn and the following are substituted.

Alonzo Dixon was convicted by a jury of incest, indecent exposure with a child, and aggravated sexual assault. These offenses were alleged in two separate indictments but tried together. The trial court assessed Dixon's punishment at twenty-five years' imprisonment on both the incest and indecent exposure charges, and forty-five years' imprisonment on the aggravated sexual assault charge.

On original submission to this court, we affirmed Dixon's convictions. *See Dixon v.*

*State,* 923 S.W.2d 161, 168 (Tex.App.—Fort Worth) (op. on reh'g), *vacated and remanded,* 928 S.W.2d 564 (Tex.Crim.App. 1996). In that opinion, we overruled Dixon's first point, in which he complained the trial court erred when it permitted the State to improperly impeach a defense witness with the fact that he had unrelated charges pending against him for sexual molestation of a child. We held that Dixon's complaint had not been preserved for review because the only specific objection to the complained-of evidence was made by the witness's attorney rather than Dixon's attorney, and because a subsequent objection made by Dixon's attorney was too general. *See Dixon,* 923 S.W.2d at 164–65.

Dixon then filed a petition for discretionary review, which was granted by the court of criminal appeals. The court of criminal appeals vacated the judgments and remanded the causes to this court, holding that we erred in our disposition of Dixon's first point. *See Dixon,* 928 S.W.2d at 564–65. The court held that "[s]ince the trial court explicitly overruled [Dixon's] objection for the reasons stated previously, i.e., the reason given for overruling Pelfrey's objection, the judge was treating [Dixon's] objection as an adoption of Pelfrey's [and][t]herefore, [this court] erred by holding that error was not preserved because counsel's objection was too general to apprise the trial court of its grounds." *Id.* at 565. Accordingly, we revisit Dixon's first point on remand.

Immediately before Pelfrey was called to the stand, Pelfrey's attorney requested, in a hearing outside the presence of the jury, that the State not be allowed to ask Pelfrey about two felony indictments that were pending against him on charges of sexual misconduct:

I would motion the Court, at this time, to enter an order prohibiting the State's attorneys from asking [Pelfrey] any questions concerning his guilt in these two offenses that are currently pending, based on his Fifth Amendment rights and under Article 1, Section 10 of the Texas Constitution.

That would also include asking whether or not he is charged with these offenses. As you are well aware, he is presumed to be innocent, and that the rules of evidence provide that a person may be—testimony may be impeached by the admission or the asking of a felony conviction. And in this instance, he has not been convicted. These cases are pending.

The trial court denied this request, holding that the charges were admissible to show "bias and motive."

Pelfrey then testified that he and his wife had socialized with Dixon and that, before Dixon was charged with the molestation of his daughter, Dixon was planning to marry Jo Lucero, a friend of the Pelfreys. On cross-examination, the following exchange took place:

[STATE:] Mr. Pelfrey, you presently have two cases pending, don't you?

[DEFENSE COUNSEL:] I'm going to object to that, Your Honor.

THE COURT: For the reasons stated previously, I will overrule the objection.

[STATE:] You can answer the question, Mr. Pelfrey.

[PELFREY:] Yes.

[STATE:] And one of those cases you are charged with aggravated sexual assault of a child; is that correct?

[PELFREY:] Yes.

[STATE:] Indecency-fondling of a child, indecent exposure with a child and incest with a child; is that correct?

[PELFREY:] Yes.

[STATE:] In the other case, you are charged with indecency-fondling of a child and indecent exposure with a child?

[PELFREY:] Yes.

[STATE:] And that is in this Court; is that correct?

[PELFREY:] Yes.

As an appellate court, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); *Montgomery v. State,* 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990). A reviewing court should not reverse a trial

court whose ruling was within the "zone of reasonable disagreement." *Green,* 934 S.W.2d at 102; *Montgomery,* 810 S.W.2d at 391 (op. on reh'g).

Texas Rule of Criminal Evidence 608(b) provides that a witness's credibility may not be impeached with specific instances of the witness's conduct other than a criminal conviction. TEX.R.CRIM. EVID. 608(b). However, Rule 612(b) provides that a witness may be impeached by "proof of circumstances or statements showing bias or interest." TEX. R.CRIM. EVID. 612(b). Thus, the plain language of Rule 612(b) creates an exception to Rule 608(b) where the evidence shows bias or a motive for the witness to testify untruthfully. *See Sparks v. State,* 943 S.W.2d 513, 517 (Tex.App.—Fort Worth 1997, pet. filed); *Thomas v. State,* 897 S.W.2d 539, 542 (Tex. App.—Fort Worth 1995, no pet.).

Although Dixon argues on appeal that the evidence is inadmissible under Rule 612(b), neither Dixon's nor Pelfrey's counsel objected on that ground either during the hearing or during the State's cross-examination of Pelfrey. Even after the trial court informed defense counsel that it would admit the evidence to show bias or motive, no objection was made to the court's ruling on the basis of Rule 612(b). When the evidence was admitted, Dixon's counsel made only a general objection based on Rule 608(b) grounds.

■ If an objection made at trial differs from the complaint made on appeal, a defendant has not preserved any error for review. *See* TEX.R.APP. P. 33.1(a); *Martinez v. State,* 867 S.W.2d 30, 40 (Tex.Crim.App.1993), *cert.*

*denied,* 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994); *Darby v. State,* 922 S.W.2d 614, 620 (Tex.App.—Fort Worth 1996, pet. ref'd). Because neither counsel objected on the basis that the evidence did not show bias or motive under Rule 612(b), that complaint has been waived.

■ Even assuming an objection had been made on Rule 612(b) grounds, the evidence would have been admissible under Rule 612(b) to show bias or motive to testify untruthfully. The fact that Pelfrey had charges pending against him for the same type of offense gives rise to the possibility that Pelfrey testified on Dixon's behalf because he was either antagonistic towards the State or because he empathized with Dixon. *See Staley v. State,* 888 S.W.2d 45, 50 (Tex.App.—Tyler 1994, no pet.) (trial court did not abuse its discretion in allowing State to cross-examine defense witness about potential bias or prejudice against State resulting from witness's felony indictment pending in the same court). Therefore, the trial court did not abuse its discretion in allowing the State to inquire into the charges pending against Pelfrey to show any potential bias or motive to testify untruthfully. Dixon's first point is overruled.

We affirm the judgments of the trial court.