COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                    NOS.   2-03-405-CR
2-03-406-CR
2-03-407-CR
2-03-408-CR
  
  
CHAZSMAN 
CHAPELL SMALL                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Chazsman Chapell Small appeals his convictions of aggravated assault with a 
deadly weapon and three counts of aggravated robbery. Appellant pled not guilty 
to the charges. The jury found him guilty, and the court sentenced him to 
fifteen years’ imprisonment for the aggravated assault and twenty years’ 
imprisonment for each aggravated robbery. In four points, Appellant contends 
that the evidence was legally insufficient to sustain three of his convictions, 
and that the trial court improperly admitted hearsay testimony.
Background
        These 
cases involve three counts of aggravated robbery with a deadly weapon and one 
count of aggravated assault with a deadly weapon.[2]  
On August 5, 2002, on the northside of Fort Worth, three paleta men were robbed 
in close proximity to each other. The suspects were identified by several 
witnesses as driving a small green car. Appellant was also charged and convicted 
of aggravated robbery for car-jacking, which he does not challenge on this 
appeal. Appellant was arrested that evening when police identified the car 
Appellant was sitting in as matching the description of the car involved in the 
reported robberies.
Legal 
Sufficiency
        In 
his first three points, Appellant argues that the evidence is legally 
insufficient to support his conviction of aggravated assault with a deadly 
weapon and two convictions of aggravated robbery. In reviewing the legal 
sufficiency of the evidence to support a conviction, we view all the evidence in 
the light most favorable to the verdict in order to determine whether any 
rational trier of fact could have found the essential elements of the crime 
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. 
Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. 
App. 2004). The standard of review is the same for direct and circumstantial 
evidence cases. Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 
2001); Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal 
sufficiency review, we may not re-evaluate the weight and credibility of the 
evidence and substitute our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). We must resolve any inconsistencies in the evidence in favor 
of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
        Although 
Appellant does not address corpus delicti, the State argues that Appellant’s 
complaint that the evidence is legally insufficient fails because he fails to 
apply the corpus delicti rule. An extrajudicial confession by the accused is 
insufficient to support conviction unless corroborated. Gribble v. State, 
808 S.W.2d 65, 70 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1232 
(1991). Corpus delicti is a rule of evidentiary sufficiency that can be 
summarized as follows: “an extrajudicial confession of wrongdoing, standing 
alone, is not enough to support a conviction; there must exist other evidence 
showing that a crime has in fact been committed.” Rocha v. State, 16 
S.W.3d 1, 4 (Tex. Crim. App. 2000); Williams v. State, 958 S.W.2d 186, 
190 (Tex. Crim. App. 1997). This other evidence alone need not be sufficient to 
prove the offense; “all that is required is that there be some evidence which 
renders the commission of the offense more probable than it would be without the 
evidence.” Williams, 958 S.W.2d at 190 (quoting Chambers v. State, 
866 S.W.2d 9, 15-16 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 
(1994)). The corpus delicti rule is satisfied if “some evidence exists outside 
of the extra-judicial confession which, considered alone or in connection with 
the confession, shows that the crime actually occurred.” Salazar v. State, 
86 S.W.3d 640, 645 (Tex. Crim. App. 2002). The identity of the perpetrator, 
however, is not a part of the corpus delicti and may be established by an 
extrajudicial confession alone. Gribble, 808 S.W.2d at 70.
        Here, 
Appellant argues that the State did not provide legally sufficient evidence to 
support his conviction. We disagree. First, the State presented evidence of 
Appellant’s extrajudicial confession to the jury. In his confession he admits 
his participation in the robberies of the paleta men and identifies the type of 
car used during the robberies.[3]  Second, the 
State questioned numerous witnesses regarding the description of the individuals 
involved in the assault and robberies and the description of the car they drove. 
The jury was free to accept or reject all or any part of the proffered 
witnesses’ testimony. See Dumas v. State, 812 S.W.2d 611, 615 (Tex. 
App.—Dallas 1991, pet. ref'd). The evidence at trial showed that three paleta 
men were robbed in close proximity to each other and that the suspects in two of 
the robberies were identified as driving a small green car. Furthermore, the 
State called Margie Weaver, and she testified that she saw three black males in 
a green car attempting to rob another ice cream vendor. Finally, there was 
testimony that around midnight on August 5, 2002, a red truck was stolen at 
gunpoint. About one hour after the truck was stolen, Officer Kenneth Pierce was 
driving in the same area when he noticed a green car on the side of the road 
with a red truck matching the previously stolen truck’s description parked in 
front of the car in the driveway of a vacant house. Officer Pierce spoke to 
Appellant at that time, and he confessed not only to his involvement in stealing 
the truck, but also to his participation in the robberies and assault earlier 
that day. In this case, the corpus delicti rule is satisfied because there was 
some evidence outside of the two extrajudicial confessions that when considered 
in connection with the confessions, showed that the crime actually occurred and 
that Appellant was involved. See Salazar, 86 S.W.3d at 645.
        After 
reviewing Appellant’s confessions and all of the other State’s evidence, we 
hold that the evidence was legally sufficient to support the jury’s verdict 
that Appellant participated in the assault and robberies under the corpus 
delicti rule. We overrule Appellant’s first, second, and third points.
Objection at 
Trial and on Appeal
        In 
his fourth point, Appellant complains that the trial court improperly admitted 
hearsay testimony that denied him the right of confrontation. He specifically 
argues that five of the witnesses questioned by the State testified about 
conversations regarding what other individuals had told them. Specifically, he 
objects to 1) Gustavo Garcia’s testimony regarding what Damian Diaz said to 
him, 2) Jonathan Lohmer’s testimony about what Arturo Hernandez told him 
regarding the Esquivel incident, 3) Manuel Elizarraraz’s testimony regarding 
the Esquivel incident, 4) Patricia Monrreal’s testimony regarding the 
Maldonado incident, and 5) Patrick Torsiello’s testimony about what Monrreal 
told him that Maldonado had related to her. The State contends that Appellant 
has failed to preserve his claim on appeal because it differs from the claim he 
raised in the trial court. We agree.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states specific grounds for 
the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosely v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). If a complaint 
raised on appeal does not comport with the objection made at trial, it is 
waived. Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. 
denied, 522 U.S. 827 (1997); Rezac v. State, 782 S.W.2d 869, 870 
(Tex. Crim. App. 1990). Even constitutional error may be waived by the failure 
to specifically object. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. 
App. 1995). However, if it is apparent from the record that the trial court 
understood the objection and its grounds, error is preserved. Dixon v. State, 
928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996). Whether the specific grounds for 
an objection were apparent from the context of the objection is determined by 
looking at each situation individually as it arises. Heidelberg v. State, 
144 S.W.3d 535, 538 (Tex. Crim. App. 2004).
        We 
note that at trial, Appellant’s sole objection to the admission of the 
complained-of testimony on appeal was a general hearsay objection. Appellant 
suggests that the admissibility of testimony from five of the State’s 
witnesses, admitted over his general hearsay objection, violated his Sixth 
Amendment right to confrontation of witnesses. However, with respect to 
Appellant’s complaint of constitutional violations, all of the objections 
during the testimony from the five previously mentioned witnesses were general 
in nature. See Tex. R. App. P. 
33.1. Some of the objected-to hearsay testimony were statements made by other 
witnesses that testified during the trial, and Appellant was afforded the 
opportunity to confront the out-of-court declarant by cross-examination. See 
Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 1366 (2004); Carson 
v. Collins, 993 F.2d 461, 464 (5th Cir.), cert. denied, 510 U.S. 897 
(1993); Wilson v. State, 151 S.W.3d 694, 698-99 (Tex. App.—Fort Worth, 
2004, no pet.). Under these facts we cannot say the record gives any indication 
that the trial court understood the basis of Appellant’s objection to mean 
that he was actually claiming a violation of his right to confrontation.
        Because 
Appellant failed to bring these complaints to the trial court’s attention, 
they are waived. See Broxton, 909 S.W.2d at 918; Briggs v. State, 
789 S.W.2d 918, 924 (Tex. Crim. App. 1990); Solis v. State, 945 S.W.2d 
300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). We hold that 
because Appellant’s objection at trial does not comport with his point on 
appeal, the alleged error is not preserved for review. See, e.g., Heidelberg, 
144 S.W.3d at 542-43. We overrule Appellant’s fourth point.
Conclusion
        Having 
overruled Appellant’s four points, we affirm the trial court’s judgments.
     

   
                                                                  PER 
CURIAM
   
  
PANEL 
F: HOLMAN, J; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The robberies and assault involved “paleta men”.  According to the 
State’s brief, “paleta men” are Latino men who drive push-carts with 
Mexican ice known as “paletas,” which are similar to American popsicles.  
The record also refers to them as ice cream vendors.
3.  
Appellant’s statement identifies the car he was in as a “4 door green 
small.”