SMALL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 
 
2-03-405-CR

2-03-406-CR

2-03-407-CR

2-03-408-CR

CHAZSMAN CHAPELL SMALL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Chazsman Chapell Small appeals his convictions of aggravated  assault with a deadly weapon and three counts of aggravated robbery.  Appellant pled not guilty to the charges.  The jury found him guilty, and the court sentenced him to fifteen years’ imprisonment for the aggravated assault and twenty years’ imprisonment for each aggravated robbery.  In four points, Appellant contends that the evidence was legally insufficient to sustain three of his convictions, and that the trial court improperly admitted hearsay testimony.

Background

These cases involve three counts of aggravated robbery with a deadly weapon and one count of aggravated assault with a deadly weapon.
(footnote: 2)  On August 5, 2002, on the northside of Fort Worth, three paleta men were robbed in close proximity to each other.  The suspects were identified by several witnesses as driving a small green car.  Appellant was also charged and convicted of aggravated robbery for car-jacking, which he does not challenge on this appeal.  Appellant was arrested that evening when police identified the car Appellant was sitting in as matching the description of the car involved in the reported robberies.

Legal Sufficiency

In his first three points, Appellant argues that the evidence is legally insufficient to support his conviction of aggravated assault with a deadly weapon and two convictions of aggravated robbery.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State, 
55 S.W.3d 608,  613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at

319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Although Appellant does not address corpus delicti, the State argues that Appellant’s complaint that the evidence is legally insufficient fails because he fails to apply the corpus delicti rule.  An extrajudicial confession by the accused is insufficient to support conviction unless corroborated.  
Gribble v. State
, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1232 (1991).  Corpus delicti is a rule of evidentiary sufficiency that can be summarized as follows: “an extrajudicial confession of wrongdoing, standing alone, is not enough to support a conviction; there must exist other evidence showing that a crime has in fact been committed.”  
Rocha v. State
, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000); 
Williams v. State
, 958 S.W.2d 186, 190 (Tex. Crim. App. 1997).  This other evidence alone need not be sufficient to prove the offense; “all that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence.”  
Williams
, 958 S.W.2d at 190 (quoting 
Chambers v. State
, 866 S.W.2d 9, 15-16 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1100 (1994)).  The corpus delicti rule is satisfied if “some evidence exists outside of the extra-judicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred.”  
Salazar v. State
, 86 S.W.3d 640, 645 (Tex. Crim. App. 2002).  The identity of the perpetrator, however, is not a part of the corpus delicti and may be established by an extrajudicial confession alone.  
Gribble
, 808 S.W.2d at 70.

Here, Appellant argues that the State did not provide legally sufficient evidence to support his conviction.  We disagree.  First, the State presented evidence of Appellant’s extrajudicial confession to the jury.  In his confession he admits his participation in the robberies of the paleta men and identifies the type of car used during the robberies.
(footnote: 3)  Second, the State questioned numerous witnesses regarding the description of the individuals involved in the assault and robberies and the description of the car they drove.  The jury was free to accept or reject all or any part of the proffered witnesses’ testimony.  
See Dumas v. State
, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref'd).  The evidence at trial showed that three paleta men were robbed in close proximity to each other and that the suspects in two of the robberies were identified as driving a small green car.  Furthermore, the State called Margie Weaver, and she testified that she saw three black males in a green car attempting to rob another ice cream vendor.  Finally, there was testimony that around midnight on August 5, 2002, a red truck was stolen at gunpoint.  About one hour after the truck was stolen, Officer Kenneth Pierce was driving in the same area when he noticed a green car on the side of the road with a red truck matching the previously stolen truck’s description parked in front of the car in the driveway of a vacant house.  Officer Pierce spoke to Appellant at that time, and he confessed not only to his involvement in stealing the truck,  but also to his participation in the robberies and assault earlier that day.  In this case, the corpus delicti rule is satisfied because there was some evidence outside of the two extrajudicial confessions that when considered in connection with the confessions, showed that the crime actually occurred and that Appellant was involved.  
See Salazar
, 86 S.W.3d at 645.

After reviewing Appellant’s confessions and all of the other State’s evidence, we hold that the evidence was legally sufficient to support the jury’s verdict that Appellant participated in the assault and robberies under the corpus delicti rule.  We overrule Appellant’s first, second, and third points.

Objection at Trial and on Appeal

In his fourth point, Appellant complains that the trial court improperly admitted hearsay testimony that denied him the right of confrontation.  He specifically argues that five of the witnesses questioned by the State testified about conversations regarding what other individuals had told them.  Specifically, he objects to 1) Gustavo Garcia’s testimony regarding what Damian Diaz said to him, 2) Jonathan Lohmer’s testimony about what Arturo Hernandez told him regarding the Esquivel incident, 3) Manuel Elizarraraz’s testimony regarding the Esquivel incident, 4) Patricia Monrreal’s testimony regarding the Maldonado incident, and 5) Patrick Torsiello’s testimony about what Monrreal told him that Maldonado had related to her.  The State contends that Appellant has failed to preserve his claim on appeal because it differs from the claim he raised in the trial court.  We agree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P. 
33.1(a)(1); 
Mosely v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  If a complaint raised on appeal does not comport with the objection made at trial, it is waived.  
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Even constitutional error may be waived by the failure to specifically object.  
Broxton v. State
, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  However, if it is apparent from the record that the trial court understood the objection and its grounds, error is preserved. 
 Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996). 
 Whether the specific grounds for an objection were apparent from the context of the objection is determined by looking at each situation individually as it arises.
  
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).

We note that at trial, Appellant’s sole objection to the admission of the complained-of testimony on appeal was a general hearsay objection.  Appellant suggests that the admissibility of testimony from five of the State’s witnesses, admitted over his general hearsay objection, violated his Sixth Amendment right to confrontation of witnesses.  However, with respect to Appellant’s complaint of constitutional violations, all of the objections during the testimony from the five previously mentioned witnesses were general in nature.  
See
 
Tex. R. App. P
. 33.1.  Some of the objected-to hearsay testimony were statements made by other witnesses that testified during the trial, and Appellant was afforded the opportunity to confront the out-of-court declarant by cross-examination.  
See Crawford v. Washington, 
541 U.S. 36, 124 S. Ct. 1354, 1366 (2004); 
Carson v. Collins
, 993 F.2d 461, 464 (5th Cir.), 
cert. denied
, 510 U.S. 897 (1993); 
Wilson v. State
, 151 S.W.3d 694, 698-99 (Tex. App.—Fort Worth, 2004, no pet.).  Under these facts we cannot say the record gives any indication that the trial court understood the basis of Appellant’s objection to mean that he was actually claiming a violation of his right to confrontation.

Because Appellant failed to bring these complaints to the trial court’s attention, they are waived.  
See Broxton
, 909 S.W.2d at 918; 
Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); 
Solis v. State
, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  We hold that because Appellant’s objection at trial does not comport with his point on appeal, the alleged error is not preserved for review.  
See, e.g.
, 
Heidelberg, 
144 S.W.3d at 542-43.  We overrule Appellant’s fourth point.

Conclusion

Having overruled Appellant’s four points, we affirm the trial court’s judgments.

PER CURIAM

PANEL F:  HOLMAN, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The robberies and assault involved “paleta men”.  According to the State’s brief, “paleta men” are Latino men who drive push-carts with Mexican ice known as “paletas,” which are similar to American popsicles.  The record also refers to them as ice cream vendors.

3:
Appellant’s statement identifies the car he was in as a “4 door green small.”