02-10-013-CR














 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00013-CR 

 

 


 
 
 Ronald Franklin Scibek
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM County Court at Law No. 2
OF Wichita COUNTY

------------

MEMORANDUM OPINION[1]

----------

          A jury convicted Appellant Ronald
Franklin Scibek of assault family violence of his estranged wife Crystal, and
the trial court sentenced him to a $500 fine and to thirty days’ confinement in
county jail.  The trial court suspended imposition
of the confinement portion of the sentence and placed Appellant on one year’s
community supervision.  In two points, Appellant
contends that the trial court erred by failing to conduct an in camera review
and by limiting cross-examination. 
Because we hold that the trial court did not abuse its discretion by
failing to conduct an in camera review and that Appellant did not preserve his
complaint about limiting cross-examination, we affirm the trial court’s
judgment.

          In his first point, Appellant contends
that “[t]he trial court erred by failing to conduct an in camera review of the
contents of the sealed envelope to determine its admissibility for purposes of
impeaching the State’s sole eyewitness [Crystal] to the incident.”  Before trial, Appellant subpoenaed documents
from the City of Wichita Falls.  The City
filed a motion to quash the subpoena for one document, which involved
allegations that Crystal had injured her roommate and the roommate’s child in
2004.  The City contended that Appellant
did not take the steps required by family code section 261.201 to obtain the
document’s release.  Appellant asked that
the trial court “review it for potentially to put us in relationship of who is
the aggressor and who is involved in assaults.” 
The trial court granted the City’s motion on the basis that the
statutory procedures had not been followed but also stated to defense counsel,

If you go through the process, as provided by law, then I
will be glad to take a look at the document and decide, in camera, whether or
not any or all of it should come before this court and this jury.

          . . . .

          .
. . [W]hat I’m telling you, Counsel, I’m not saying that forever that you
couldn’t do it[;] I’m just saying that if you want to
use it in this case, you’re going to have to go through the process stated in
order to get to it.

Appellant
nevertheless still did not attempt to go through the process.  The trial court ultimately included in the
appellate record a sealed copy of the challenged document alleging that Crystal
had shoved a twelve-year-old child into a wall as well as a sealed copy of
another document, possessed by the State, providing the roommate’s later statement
that the child complainant had not told the police the truth about the cause of
her injuries and that Crystal had not hurt the child.

          Section 261.201 of the family code provides,

(a) Except as
provided by Section 261.203, the following information is confidential, is not
subject to public release under Chapter 552, Government Code, and may be
disclosed only for purposes consistent with this code and applicable federal or
state law or under rules adopted by an investigating agency:

(1) a report of alleged or suspected abuse or neglect made under
this chapter and the identity of the person making the report; and

(2) except as
otherwise provided in this section, the files, reports, records,
communications, audiotapes, videotapes, and working papers used or developed in
an investigation under this chapter or in providing services as a result of an
investigation.

(b) A court may order
the disclosure of information that is confidential under this section if:

(1) a motion has been filed with the court requesting the
release of the information;

(2) a notice of hearing has been served on the investigating
agency and all other interested parties; and

(3) after hearing and an in camera review of the requested
information, the court determines that the disclosure of the requested
information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or
suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or
neglect; or

(iii) any other person who participates in an investigation of
reported abuse or neglect or who provides care for the child.

(b-1)
. . . . 

(c) In addition to
Subsection (b), a court, on its own motion, may order disclosure of information
that is confidential under this section if:

(1) the order is rendered at a hearing for which all parties
have been given notice;

(2) the court finds that disclosure of the information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or
suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or
neglect; or

(iii) any other person who participates in an investigation of
reported abuse or neglect or who provides care for the child; and

(3) the order is reduced to writing or made on the record in open
court.[2] 

          In Dixon
v. State, Dixon argued that he was entitled to access confidential
information material to his guilt or punishment notwithstanding the statutory
prohibitions and urged us to review the sealed documents for Brady[3]
material.[4]  We explained,

          The United States Supreme Court held
in Brady that the prosecution violates a defendant’s due process when it
suppresses, upon request, evidence in its possession favorable to an accused “where
the evidence is material either to guilt or to punishment, irrespective of the
good faith or bad faith of the prosecution.”  “Brady” evidence includes both exculpatory and impeachment evidence.  The test for materiality is whether “there is
a reasonable probability that, had the evidence been disclosed to the defense,
the result of the proceeding would have been different.  A ‘reasonable probability’ is a probability
sufficient to undermine confidence in the outcome.”

          When a defendant seeks access to
information that is protected by a confidentiality statute, a conflict arises
between the defendant’s rights to due process and the State’s interest in
maintaining confidentiality.  On one
hand, denial of access to information that would have a reasonable probability
of affecting the outcome of a defendant’s trial abridges a defendant’s due
process rights and undermines the court’s duty to vindicate Sixth Amendment
rights.  Consequently, a confidentiality
statute may not operate to totally bar a defendant access to information,
whether in the possession of the State or of any other person,
that might be Brady material.

          On the other hand, to allow a
defendant unlimited access to the information would unnecessarily compromise
the State’s interest in protecting the confidentiality of its information.  The Supreme Court in Ritchie noted that
the State has a compelling interest in keeping child abuse information
confidential so that reluctant victims, relatives, and witnesses will be
encouraged to come forward and report the abuse without the fear of general
disclosure.

          To balance these competing interests,
the trial court must conduct an in camera review of the requested
information to determine whether it contains any Brady material.  The in-chambers inspection must be conducted “in
a manner conducive to ‘scrupulous protection against any release or publication
of material not found by the court . . . [to be] relevant to the issues of the
trial for which it is sought.’”  Neither
the State nor the attorney for the defendant should be present.  If upon inspection the trial court deems any
of the information material, the court must release this material information,
and no other, to the defendant.  The
decision of whether to make any of the information available to the defendant
is a matter of discretion on the part of the trial court and is reviewable
under an abuse of discretion standard.[5]

          In the case now before us, given the
trial court’s encouragement to Appellant to follow the procedures outlined in
subsection (b) of the statute and the trial court’s assurance that the in
camera review would then occur, we are not prepared to hold that the trial
court abused its discretion by not reviewing the challenged document in
camera.  Nevertheless, in the interest of
justice, we have reviewed the sealed documents.

          A Brady violation does not occur if the defendant, using
reasonable diligence, could have otherwise obtained the information.[6]  As discussed more fully in the analysis of
Appellant’s second point, Appellant did not attempt to question Crystal or any
other witness about the incident depicted in the challenged document, even
though he knew the alleged date of the incident and the complainants involved
in that incident by the time Crystal testified at trial.

          Further, the document sought by Appellant
is not material in this case, given the state of the record.  Appellant argues that he needed the document
to advance the defensive theory that he was aware of Crystal’s violent
tendencies and perceived that she was a danger to him.  Appellant did rely on that theory in
argument, yet Appellant did not attempt to question the witnesses about any
specific prior acts of violence allegedly committed by Crystal, not even that
alleged in Defense Exhibit 1, admitted with no objection.  The documents in Defense Exhibit 1 name
Crystal as the aggressor and Appellant as the complainant in an altercation
that occurred prior to that for which Appellant was on trial.  Appellant also did not mention any prior acts
of violence by Crystal in argument.  The
State, on the other hand, referred to police reports offered into evidence by
Appellant that allege prior acts of violence of both Appellant
and Crystal and invited the jury to assess Crystal’s credibility.  Because the trial court did not issue a final
ruling barring Appellant from accessing the sealed document, Appellant did not use
diligence in otherwise securing the information, and the sealed document was
not material given Appellant’s trial and argument decisions and the state of
the record, we overrule Appellant’s first point.

          In his second point, Appellant
contends that “[t]he trial court erred by limiting the cross examination of
defense counsel regarding prior incidents of violence such that Appellant’s
right of confrontation under the Sixth Amendment was denied.”  The trial court granted the State’s motion in
limine prohibiting Appellant from referring to the 2004 family violence
incident involving Crystal, her former roommate, and the twelve-year-old child
discussed in the sealed documents.  The
trial court then stated, “[I]f it comes up during the course of the trial, then
you’ll approach the bench and advise me that . . . that issue is going to come
up and we’ll look at it again.” 
Appellant points to no place in the record where he attempted to
question Crystal or any other witness about any of her prior acts of violence
or where he sought a trial ruling, as opposed to the preliminary ruling on the
motion in limine, on the admissibility of such evidence.  Consequently, Appellant has preserved nothing
for review.[7]  We overrule his second point.

          Having overruled both of Appellant’s
points, we affirm the trial court’s judgment.

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL:  DAUPHINOT, WALKER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]Tex. Fam. Code Ann. § 261.201(a)–(c) (Vernon Supp. 2010).





[3]Brady v. Maryland, 373
U.S. 83, 83 S. Ct. 1194 (1963).





[4]Dixon v. State, 923 S.W.2d 161, 166–67
(Tex. App.—Fort Worth 1996), rev’d on
other grounds, 928 S.W.2d 564 (Tex. Crim. App. 1996).





[5]Id. at 167 (citations
omitted).





[6]Westley
v. Johnson, 83 F.3d 714,
726 (5th Cir. 1996), cert. denied,
519 U.S. 1094 (1997).





[7]See Tex.
R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999); see also Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)
(“A motion in limine . . . is a preliminary matter and normally preserves
nothing for appellate review.  For error
to be preserved with regard to the subject of a motion in limine, an objection
must be made at the time the subject is raised during trial.”), cert. denied,
129 S. Ct. 904 (2009); Fuller v. State,
827 S.W.2d 919, 929 n.10 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 922 (1993).