

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00013-CR

RONALD FRANKLIN SCIBEK                  APPELLANT

V.

THE STATE OF TEXAS                         STATE

------------

## FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Ronald Franklin Scibek of assault family violence of his estranged wife Crystal, and the trial court sentenced him to a $500 fine and to thirty days' confinement in county jail. The trial court suspended imposition of the confinement portion of the sentence and placed Appellant on one year's community supervision. In two points, Appellant contends that the trial court erred by failing to conduct an in camera review and by limiting cross-

---

[1]*See* Tex. R. App. P. 47.4.

examination. Because we hold that the trial court did not abuse its discretion by failing to conduct an in camera review and that Appellant did not preserve his complaint about limiting cross-examination, we affirm the trial court's judgment.

In his first point, Appellant contends that "[t]he trial court erred by failing to conduct an in camera review of the contents of the sealed envelope to determine its admissibility for purposes of impeaching the State's sole eyewitness [Crystal] to the incident." Before trial, Appellant subpoenaed documents from the City of Wichita Falls. The City filed a motion to quash the subpoena for one document, which involved allegations that Crystal had injured her roommate and the roommate's child in 2004. The City contended that Appellant did not take the steps required by family code section 261.201 to obtain the document's release. Appellant asked that the trial court "review it for potentially to put us in relationship of who is the aggressor and who is involved in assaults." The trial court granted the City's motion on the basis that the statutory procedures had not been followed but also stated to defense counsel,

> If you go through the process, as provided by law, then I will be glad to take a look at the document and decide, in camera, whether or not any or all of it should come before this court and this jury.
>
> . . . .
>
> . . . [W]hat I'm telling you, Counsel, I'm not saying that forever that you couldn't do it[;] I'm just saying that if you want to use it in this case, you're going to have to go through the process stated in order to get to it.

Appellant nevertheless still did not attempt to go through the process. The trial court ultimately included in the appellate record a sealed copy of the challenged

2

document alleging that Crystal had shoved a twelve-year-old child into a wall as well as a sealed copy of another document, possessed by the State, providing the roommate's later statement that the child complainant had not told the police the truth about the cause of her injuries and that Crystal had not hurt the child.

Section 261.201 of the family code provides,

(a) Except as provided by Section 261.203, the following information is confidential, is not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

(1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

(2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

(b) A court may order the disclosure of information that is confidential under this section if:

(1) a motion has been filed with the court requesting the release of the information;

(2) a notice of hearing has been served on the investigating agency and all other interested parties; and

(3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or neglect; or

(iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.

(b-1) . . . .

(c) In addition to Subsection (b), a court, on its own motion, may order disclosure of information that is confidential under this section if:

(1) the order is rendered at a hearing for which all parties have been given notice;

(2) the court finds that disclosure of the information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or neglect; or

(iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child; and

(3) the order is reduced to writing or made on the record in open court.[2]

In *Dixon v. State*, Dixon argued that he was entitled to access confidential information material to his guilt or punishment notwithstanding the statutory

---

[2]Tex. Fam. Code Ann. § 261.201(a)–(c) (Vernon Supp. 2010).

prohibitions and urged us to review the sealed documents for *Brady*[3] material.[4]

We explained,

> The United States Supreme Court held in *Brady* that the prosecution violates a defendant's due process when it suppresses, upon request, evidence in its possession favorable to an accused "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "*Brady*" evidence includes both exculpatory and impeachment evidence. The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."

> When a defendant seeks access to information that is protected by a confidentiality statute, a conflict arises between the defendant's rights to due process and the State's interest in maintaining confidentiality. On one hand, denial of access to information that would have a reasonable probability of affecting the outcome of a defendant's trial abridges a defendant's due process rights and undermines the court's duty to vindicate Sixth Amendment rights. Consequently, a confidentiality statute may not operate to totally bar a defendant access to information, whether in the possession of the State or of any other person, that might be *Brady* material.

> On the other hand, to allow a defendant unlimited access to the information would unnecessarily compromise the State's interest in protecting the confidentiality of its information. The Supreme Court in *Ritchie* noted that the State has a compelling interest in keeping child abuse information confidential so that reluctant victims, relatives, and witnesses will be encouraged to come forward and report the abuse without the fear of general disclosure.

> To balance these competing interests, the trial court must conduct an *in camera* review of the requested information to

---

[3]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[4]*Dixon v. State*, 923 S.W.2d 161, 166–67 (Tex. App.—Fort Worth 1996), *rev'd on other grounds*, 928 S.W.2d 564 (Tex. Crim. App. 1996).

determine whether it contains any *Brady* material. The in-chambers inspection must be conducted "in a manner conducive to 'scrupulous protection against any release or publication of material not found by the court . . . [to be] relevant to the issues of the trial for which it is sought.'" Neither the State nor the attorney for the defendant should be present. If upon inspection the trial court deems any of the information material, the court must release this material information, and no other, to the defendant. The decision of whether to make any of the information available to the defendant is a matter of discretion on the part of the trial court and is reviewable under an abuse of discretion standard.[5]

In the case now before us, given the trial court's encouragement to Appellant to follow the procedures outlined in subsection (b) of the statute and the trial court's assurance that the in camera review would then occur, we are not prepared to hold that the trial court abused its discretion by not reviewing the challenged document in camera. Nevertheless, in the interest of justice, we have reviewed the sealed documents.

A *Brady* violation does not occur if the defendant, using reasonable diligence, could have otherwise obtained the information.[6] As discussed more fully in the analysis of Appellant's second point, Appellant did not attempt to question Crystal or any other witness about the incident depicted in the challenged document, even though he knew the alleged date of the incident and the complainants involved in that incident by the time Crystal testified at trial.

---

[5]*Id.* at 167 (citations omitted).

[6]*Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997).

6

Further, the document sought by Appellant is not material in this case, given the state of the record. Appellant argues that he needed the document to advance the defensive theory that he was aware of Crystal's violent tendencies and perceived that she was a danger to him. Appellant did rely on that theory in argument, yet Appellant did not attempt to question the witnesses about any specific prior acts of violence allegedly committed by Crystal, not even that alleged in Defense Exhibit 1, admitted with no objection. The documents in Defense Exhibit 1 name Crystal as the aggressor and Appellant as the complainant in an altercation that occurred prior to that for which Appellant was on trial. Appellant also did not mention any prior acts of violence by Crystal in argument. The State, on the other hand, referred to police reports offered into evidence by Appellant that allege prior acts of violence of both Appellant and Crystal and invited the jury to assess Crystal's credibility. Because the trial court did not issue a final ruling barring Appellant from accessing the sealed document, Appellant did not use diligence in otherwise securing the information, and the sealed document was not material given Appellant's trial and argument decisions and the state of the record, we overrule Appellant's first point.

In his second point, Appellant contends that "[t]he trial court erred by limiting the cross examination of defense counsel regarding prior incidents of violence such that Appellant's right of confrontation under the Sixth Amendment was denied." The trial court granted the State's motion in limine prohibiting Appellant from referring to the 2004 family violence incident involving Crystal, her

7

former roommate, and the twelve-year-old child discussed in the sealed documents. The trial court then stated, "[I]f it comes up during the course of the trial, then you'll approach the bench and advise me that . . . that issue is going to come up and we'll look at it again." Appellant points to no place in the record where he attempted to question Crystal or any other witness about any of her prior acts of violence or where he sought a trial ruling, as opposed to the preliminary ruling on the motion in limine, on the admissibility of such evidence. Consequently, Appellant has preserved nothing for review.[7] We overrule his second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2010

---

[7]*See* Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *see also Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("A motion in limine . . . is a preliminary matter and normally preserves nothing for appellate review. For error to be preserved with regard to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial."), *cert. denied*, 129 S. Ct. 904 (2009); *Fuller v. State*, 827 S.W.2d 919, 929 n.10 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 922 (1993).